Filed 7/29/22  P. v. Green CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B312894 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA079975) |
| v. | |
| BERNARD STEVEN GREEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Bernard Steven Green challenges the trial court's denial of his petition under Penal Code section 1172.6[1] for resentencing on his murder conviction. He contends that the trial court erred by denying his petition at the prima facie stage without appointing counsel to represent him. We affirm. The record of conviction shows as a matter of law that the jury, by convicting Green of first degree murder, found that he acted with the intent to kill. He is therefore ineligible for resentencing, and any error in the trial court's handling of the case was harmless.

### FACTS AND PROCEEDINGS BELOW

In 2006, a jury convicted Green of first degree murder (§ 187, subd. (a)) and found true firearm (§ 12022.53, subds. (c)−(e)) and gang (§ 186.22, subd. (b)(1)(B)) enhancements. The trial court sentenced him to 50 years to life in prison.

As we stated in our opinion in Green's direct appeal (*People v. McGee et al.* (Jan. 30, 2008, B194529) [nonpub. opn.]),[2] the victim, Ronald Belvin, was riding in a car with Green and his codefendant Kenneth McGee and said that he had not heard of the gang to which Green and McGee belonged. Green and McGee perceived this as an insult, and when they got out of the car,

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Green referred to the statute as section 1170.95 in his petition, but in this opinion, we refer to it under its current designation for the sake of consistency. Subsequent unspecified statutory references are to the Penal Code.

[2] We describe the facts of the case only for context. We do not rely on these facts as a basis for affirming the trial court's denial of Green's petition.

Green challenged Belvin to a fight.  Belvin tried to flee but McGee and Green caught him, and punched and kicked him. Green then shot Belvin on the ground from a distance of about three feet.  Belvin managed to get up and started to climb over a nearby gate, but McGee took the gun from Green and shot Belvin three more times.  "A firearms expert and the doctor who performed the autopsy testified to facts establishing that the fatal bullet entered at a trajectory suggesting that Belvin was shot as he was climbing the gate." (*People v. McGee et al.*, *supra*, B194529.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill No. 1437), which abolished the natural and probable consequences doctrine in cases of murder and limited the application of the felony murder doctrine. (See *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The legislation also enacted section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the changes in the law and resentencing those who were so convicted.  (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

Green filed a petition for resentencing under former section 1170.95 on February 14, 2020.  The trial court summarily denied the petition on March 9, 2020 without appointing counsel or seeking briefing from the parties.  The court stated that Green was ineligible because he "was not convicted under the theory of felony murder or the natural and probable consequences doctrine."

Green filed a second petition for resentencing on April 12, 2021.  The court stated that it would deny the new petition

unless Green could show a material difference from his original petition. Green filed a letter claiming that his failure to appeal from the original denial justified filing the new petition, but the trial court found this explanation insufficient and, on June 14, 2021, denied the new petition.

Green appealed from the denial of his second petition. We deem this a belated appeal from the denial of his first petition, which we allow because Green did not have counsel to advise him to file a timely notice of appeal.

## DISCUSSION

### A. *Background on Senate Bill No. 1437*

A defendant convicted of murder, attempted murder, or manslaughter may file a petition under section 1172.6 to have his conviction vacated and be resentenced, if he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) Senate Bill No. 1437 amended section 188 to require proof of malice in all murder convictions, with an exception for the felony-murder doctrine. It also provided that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder." (*Gentile, supra*, 10 Cal.5th at p. 849.) In addition, Senate Bill No. 1437 enacted section 189, subdivision (e), which restricted felony-murder liability to cases in which the defendant was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony

4

and acted with reckless indifference to human life.  (See *Gentile, supra,* at pp. 842–843.)

When a defendant files a facially sufficient petition for resentencing under section 1172.6, the trial court must appoint counsel to represent the petitioner, obtain briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief.  (§ 1172.6, subd. (c).)  Our Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." ' ([*People v.*] *Drayton* [(2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1).)"  (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

Because "the 'prima facie bar was intentionally and correctly set very low' " (*Lewis, supra,* 11 Cal.5th at p. 972), the court may deny a petition for failure to make a prima facie case only if the record of conviction shows as a matter of law that the defendant is ineligible.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.)  In making this determination, the court may consider the record of conviction and may draw adverse conclusions " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition." ' " (*Lewis, supra,* at p. 971.)  But the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' (*Drayton, supra,* 47 Cal.App.5th at p. 980.)"  (*Lewis, supra,* at p. 972.)

5

If the trial court issues an order to show cause, the final step in the process is an eligibility hearing where the trial court must vacate the defendant's sentence and resentence him unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under" current law. (§ 1172.6, subd. (d)(3).)

## B.  *Application to the Case*

Green contends that the trial court erred by denying his petition at the prima facie stage without appointing counsel to represent him. We agree. The standards for determining a petition at the prima facie stage were not clear at the time the trial court denied Green's second petition, but shortly thereafter, the Supreme Court in *Lewis* clarified that a trial court must appoint counsel in all cases where the defendant has filed a petition for resentencing under section 1172.6. (*Lewis, supra,* 11 Cal.5th at pp. 962–963.)

Even if the trial court erred by failing to appoint counsel, however, a defendant is not entitled to relief unless he can show that the error prejudiced him. This requires " 'demonstrat[ing] there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' [Citations.] More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis, supra,* 11 Cal.5th at p. 974.)

The Attorney General contends that the trial court's failure to appoint counsel was harmless because the record shows as a matter of law that the jury did not convict Green under a theory

6

made invalid by Senate Bill No. 1437, and Green cannot make even the minimal showing required at the prima facie stage. We agree. The jury received instructions on the natural and probable consequences doctrine, but those instructions allowed the jury to convict Green only of second degree murder. Because the jury instead convicted him of first degree murder, it must have concluded that he acted with the intent to kill, a theory of murder still valid following the enactment of Senate Bill No. 1437. He is therefore ineligible for resentencing. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677–678 (*Daniel*).)

Green's trial took place in 2006, several years before the Supreme Court held in *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*) that a defendant could not be convicted of first degree murder on the basis of the natural and probable consequences doctrine. Thus, there was no legal bar at the time preventing the prosecution from seeking to convict Green of first degree murder under the natural and probable consequences doctrine.

But the record shows unequivocally that the prosecution did not seek to convict Green of first degree murder on this basis. The instructions at Green's trial, unlike those the Supreme Court later found objectionable in *Chiu*, did not allow for first degree murder under the natural and probable consequences doctrine. As the Supreme Court explained, the prosecution in *Chiu* sought to convict the defendant of murder "on the theory that either he directly aided and abetted the murder or he aided and abetted the 'target offense' of assault or of disturbing the peace, the natural and probable consequence of which was murder." (*Chiu, supra,* 59 Cal.4th at p. 158.) The trial court "instructed that to find defendant guilty of first degree murder, the People had to prove that *the perpetrator* acted willfully, deliberately, and

7

with premeditation." (*Chiu, supra*, at p. 161, italics added.) The Supreme Court held that these instructions were improper because they allowed a defendant to be convicted of first degree murder on the basis of his cohort's premeditation. (*Id.* at p. 166.)

The instructions at Green's trial included no language allowing Green to be convicted of first degree murder based on someone else's mental state. Instead, the court told the jury that "[t]he defendant is guilty of first degree murder if the People have proved that *he* acted willfully, deliberately, and with premeditation. *The defendant acted willfully if he intended to kill.*" (Italics added.) There was no alternative theory of first degree murder. The instruction stated that "[t]he defendant has been prosecuted for first degree murder under one theory: . . . the murder was willful, deliberate, and premeditated." It continued, "[a]ll other murders are of the second degree."

The court also told the jury, in an instruction based on CALCRIM No. 403, that it could convict Green of murder under the natural and probable consequences doctrine if it concluded that he was guilty of assault, and that murder was a natural and probable consequence of the assault. But the instruction included no language regarding first degree murder. The prosecutor emphasized this point during closing argument, telling the jury that "if you find the defendant guilty of aiding and abetting a target offense and that murder is the natural and probable consequence of the offense, defendant would be guilty of second degree murder. . . . [I]f you find that the defendant is the actual killer or an aider and abettor of the crime of murder, and you find predeliberation [*sic*], the defendant is guilty of first degree murder."

The Supreme Court in *Lewis* forbade courts from "engag[ing] in 'factfinding involving the weighing of evidence or the exercise of discretion' " at the prima facie stage. (*Lewis, supra,* 11 Cal.5th at p. 972.) But no such factfinding is necessary here. If the jury instructions did not allow for a defendant to be convicted of murder under one of the theories made invalid by Senate Bill No. 1437, he is ineligible for resentencing as a matter of law, and any error by the trial court in failing to appoint counsel was harmless. (*Daniel, supra,* 57 Cal.App.5th at pp. 677−678.)

## DISPOSITION

The trial court's order denying the petition is affirmed. <u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



BENDIX, J.